### COLEMAN HICKS *v.* HENRY DUGGINS.

**Officers—Constable—Execution—Levy and Sale—Fi Fa Sufficient.**

Appellee as an acting constable levied an execution on some lumber and furniture owned by appellant who brought this action of trespass against the contsable for so doing. Held, that the fi fa which is pleaded was a sufficient justification without producing the judgment upon which it was founded.

**Recognition of Officer.**

As appellant recognized the appellees' official character and right to levy on the property, the nonproduction of his official bond and oath of office, is not reversable error.

**Exemptions—Personal Property.**

Lumber and materials of a cabinet maker, in his possession, are not exempt from levy under the statute.

**Misnomer—Execution—Trespass.**

The frame of a press, levied on by a constable, calling it a wash-stand, and sold for benefit of defendant, cannot constitute a trespass.

APPEAL FROM GARRARD CIRCUIT COURT.

January 14, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Duggins, an acting constable with an execution in his hand, levied it on some lumber and unfinished furniture of Hicks, who seems to have been a cabinet maker, and having sold it at a very small price, this action of trespass was brought against the constable for so doing.

The *fi fa* under which he sold is pleaded as a justification and that was sufficient for him without producing the judgment of the court upon which it was founded. As no specific allegation was made by the plaintiff that he did this thing under mere color of office without any right thereto, and inasmuch as the plaintiff recognized his official character and right to levy on the property, by soliciting that it be left with him to finish in order to make it bring more, and promising to have it forthcoming to satisfy the execution, and as the execution and returns and evidence show he was acting in the character of constable, the non-production of his official bond and oath of office, is no reversable error.

The lumber and materials being the property of the defendant in the execution were not exempt from levy by any statute known to us. Nor does public policy regarding the just rights of creditors, as well as debtors, forbid the levy and sale of such property.

The frame of a press was levied on by the constable, calling it a wash-stand, still as it was sold and the defendant got the benefit of the sale, its misnomer by the constable, could hardly constitute a trespass.

Wherefore, the judgment is *affirmed*.

*Bradleys, for appellant.*

*Owsley & Burdett, for appellee.*